Case 7:20-cv-00068 Document 11 Filed on 08/18/20 in TXSD Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
August 18, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GUSTAVO G. VELA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-68 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

The Court now considers the "Motion for Summary Judgment and Motion for Judgment Based on the Pleadings"[1] (hereafter, "motion for summary judgment") filed by Select Portfolio Servicing, Inc. and The Bank of New York Mellon, successor to the Bank of New York, as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1 (hereafter, collectively, "Defendants"). The Court also considers the response in opposition[2] filed by Gustavo G. Vela (hereafter, "Plaintiff"), who is representing himself *pro se*; and the reply filed by Defendants.[3] Finally, the Court considers the "Motion to Compel to Mediation or Motion to Set a Hearing"[4] (hereafter, "motion to compel") filed by Plaintiff and the response filed by Defendants.[5] After considering the motions, record, and relevant authorities, the Court hereby **DENIES** Plaintiff's motion to compel,[6] **GRANTS** the motion for summary judgment,[7] and **DISMISSES WITH PREJUDICE** Plaintiff's action.

---

[1] Dkt. No. 6.
[2] Dkt. No. 7.
[3] Dkt. No. 8.
[4] Dkt. No. 9.
[5] Dkt. No. 10.
[6] Dkt. No. 9.
[7] Dkt. No. 6.

I. **BACKGROUND**

This is a foreclosure case. On April 6, 2006, Plaintiff took out a home loan with Accredited Home Lenders, Inc. by signing a promissory note[8] and deed of trust[9] on a property located at 2702 Santa Ana, Mission, Texas 78572 (hereafter, "Subject Property"). The deed of trust specified that while Accredited Home Lenders, Inc. was the Lender, Mortgage Electronic Registration Systems, Inc. ("MERS") was "a separate corporation . . . acting solely as a nominee for Lender and Lender's assigns."[10] MERS was specified as the "beneficiary under [the deed of trust]," and the language of the deed of trust authorized MERS to "foreclose and sell the [Subject] Property; and to take any action required of the Lender including, but not limited to, releasing and cancelling this [deed of trust]."[11]

On August 25, 2016, MERS transferred the deed of trust to Defendant in this case, the Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1 (hereafter, "the Bank of New York Mellon").[12] On March 6, 2019, the Bank of New York Mellon executed a limited power of attorney appointing Defendant Select Portfolio Servicing, Inc. (hereafter, "SPS"), as their attorney-in-fact.[13] In sum, the limited power of attorney appoints SPS as the mortgage servicer for the Bank of New York Mellon, and authorizes SPS to modify, assign, or foreclose upon a mortgage or deed of trust held by the Bank of New York Mellon.[14] Thus, following the execution of the power of attorney in March 2019, SPS was the servicer of Plaintiff's mortgage.

---

[8] Dkt. No. 6-2 at 1–2.
[9] Dkt. No. 6-3 at 1–12. While the promissory note was executed by Plaintiff alone, the deed of trust was executed by Plaintiff; his wife Susana Vela; Sergio Vela; and Marisol Vela a/k/a Angeles Marisol Cardenas.
[10] *Id.* at 1.
[11] *Id.* at 3.
[12] Dkt. No. 6-4 at 2.
[13] Dkt. No. 6-7.
[14] *Id.* at 1–3.

In July 2019, Plaintiff defaulted on the loan. On October 23, 2019, SPS sent Plaintiff a notice of default.[15] After the loan remained unpaid, SPS sent Plaintiff a notice of acceleration on January 15, 2020.[16] The notice of acceleration informed Plaintiff of a foreclosure sale set to take place on March 3, 2020.[17] As of May 8, 2020, SPS alleges that Plaintiff's loan remains "past due for the July 1, 2019 payment and all subsequent payments."[18]

On February 28, 2020, Plaintiff filed a petition for temporary restraining order in state court.[19] Therein, Plaintiff named the following parties as Defendants: (1) SPS; (2) The Bank of New York Mellon; (3) "CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1;" (4) Hughes Watters Askanase LLP; and (5) "Larew, John Sisk, Ramon Perez, Garret Sanders, Macia Chapman, Sandra Mendoza, Arnold Mendoza, Alexis Mendoza, Connie Medley, Mega Ysassi, Collette Mayers, Stephens Mayers, Israel Curtis, Traci Yeaman, Evan Press, Julie Martin, Connie Cobb, Susana Sandoval, Sarah Capine-Garcia, Luis Garcia, Constance Lewis, Martha Boeta and Barbara Sandoval" (hereafter, "Substitute Trustees").[20] Plaintiff's petition does not specify who these individual defendants are in relation to this litigation, but Defendants' notice of removal describes them as "substitute trustees or nominal parties."[21]

On the same day Plaintiff filed his petition, the state court granted Plaintiff's request for a temporary restraining order.[22] Thereafter on March 10, 2020, Defendants SPS and the Bank of New York Mellon removed to this Court on the basis of diversity jurisdiction.[23] In the notice of removal, Defendants note that CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates,

---

[15] Dkt. No. 6-1 (affidavit of Sherry Benight, Document Control Officer for SPS) (citing Dkt. No. 6-5 at 3–6 (Plaintiff's notice of default)).
[16] *Id.* (citing Dkt. No. 6-6 at 2–4 (Plaintiff's notice of acceleration)).
[17] Dkt. No. 6-6 at 4.
[18] Dkt. No. 6-1 at 2, ¶ 7.
[19] Dkt. No. 1-4.
[20] *Id.* at 2.
[21] Dkt. No. 1 at 3–4, ¶ 8.
[22] Dkt. No. 1-5 (temporary restraining order).
[23] Dkt. No. 1.

Series 2007-1 is improperly named as a defendant and that the Bank of New York Mellon is appearing as "successor to the Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-l Asset-Backed Certificates, Series 2007-1."[24] Defendants argue that the Substitute Trustees "were improperly joined and their citizenship is not counted for purposes of diversity jurisdiction."[25] Defendants further argue that Hughes Waters Askanase LLP is also improperly joined as a defendant because it is merely the law firm involved in the attempted foreclosure sale.[26]

On May 11, 2020, Defendants filed the instant motion for summary judgment.[27] Plaintiff filed an untimely response on June 9, 2020[28] and Defendants replied thereafter on June 11, 2020.[29] On July 29, 2020, Plaintiff filed the motion to compel, requesting that the Court order the parties to participate in mediation or set a hearing.[30] Defendants responded in opposition on July 31, 2020.[31]

The Court now turns to its analysis and begins with Defendants' argument regarding improper joinder of the Substitute Trustees and Hughes Waters Askanase LLP, in order to determine whether it has jurisdiction over the case.

## II. IMPROPER JOINDER

In the notice of removal, Defendants maintain that the amount in controversy requirement is met and that all properly joined parties are diverse, but argue that Plaintiff improperly joined the Substitute Trustees and Hughes Waters Askanase LLP.[32] Defendants argue that Plaintiff "has

---

[24] *Id.* at 1.
[25] *Id.* at 3–4, ¶ 8.
[26] *Id.* at 5, ¶ 13.
[27] Dkt. No. 6.
[28] Dkt. No. 7.
[29] Dkt. No. 8.
[30] Dkt. No. 9.
[31] Dkt. No. 10.
[32] Dkt. No. 1 at 3–6, ¶¶ 6–16.

not stated or even attempted to state a cause of action" against the Substitute Trustees or Hughes Waters Askanase LLP and on this basis, the citizenship of these parties should not be considered for diversity purposes.[33]

The citizenship of non-diverse parties is properly ignored for jurisdiction purposes if the claims against them cannot withstand Rule 12(b)(6) scrutiny.[34] Plaintiff's claims against the Substitute Trustees and Hughes Waters Askanase LLP cannot withstand Rule 12(b)(6) scrutiny because Plaintiff fails to sufficiently allege *any* claim against the Substitute Trustees or the firm. Accordingly, the Court finds the following parties improperly joined: Hughes Watters Askanase LLP; "Larew;" John Sisk; Ramon Perez; Garret Sanders; Macia Chapman; Sandra Mendoza; Arnold Mendoza; Alexis Mendoza; Connie Medley; Mega Ysassi; Collette Mayers; Stephens Mayers; Israel Curtis; Traci Yeaman; Evan Press; Julie Martin; Connie Cobb; Susana Sandoval; Sarah Capine-Garcia; Luis Garcia; Constance Lewis; Martha Boeta; and Barbara Sandoval. Thus, the Court **DISMISSES WITHOUT PREJUDICE** the aforementioned parties from this action.

The record provides that Plaintiff is a citizen of Texas, SPS is a citizen of Utah, and the Bank of New York Mellon is a citizen of both Delaware and New York.[35] As such, all remaining parties are properly diverse and the Court finds that the amount in controversy requirement is met.[36] The Court has jurisdiction over the case. Accordingly, the Court now turns to Plaintiff's motion to compel.

---

[33] *Id.* at 4, ¶ 9.
[34] *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 204 (5th Cir. 2016).
[35] *Id.* at 3, ¶¶ 6–7.
[36] Defendants maintain that the amount in controversy exceeds $75,000, arguing that the value of Plaintiff's property – $400,704.00 – determines the amount in controversy for the purposes of this foreclosure action. Dkt. No. 1 at 7, ¶¶ 19–21. The Court agrees with Defendants that the amount in controversy exceeds $75,000.00.

### III.  MOTION TO COMPEL

In the motion to compel, Plaintiff requests that the Court order the parties to participate in mediation or "set a Hearing where both parties can expose their arguments and reach an agreement and avoid costly litigation for both parties."[37] Plaintiff argues in the motion to compel that counsel for Defendants "has [threatened] Plaintiff that he will continue to add Attorney's Fees on top of Defendants' accumulated interests and late fees."[38] Plaintiff claims that SPS "is willing to re-negotiate the loan" and attaches a letter from SPS in support of this statement. The letter from SPS, dated July 15, 2020, appears to be a request for additional information made in response to Plaintiff's submission of an incomplete "Assistance Review Application."[39] Finally, Plaintiff states that he "has secured funds in a fair amount to settle this matter."[40]

In response, Defendants argue that the Court need not compel mediation or set the issue for hearing because (1) Defendants have already filed a dispositive motion in this case that they believe should be granted; and (2) Defendants have provided Plaintiff an opportunity to pay off the loan and have exhausted all settlement attempts.[41] The pay-off quote provided to Plaintiff is attached to the motion for summary judgment.[42] Defendants state that Plaintiff "seems to be of the position that because he has filed a lawsuit, he is entitled to pay less than the actual loan arrearage amounts or accelerated balance due, or that some unidentified third party is entitled to purchase the loan from Defendants."[43] However, "Defendants are not interested in either of these options."[44]

---

[37] Dkt. No. 9 at 2.
[38] *Id.* at 1.
[39] Dkt. No. 9-1.
[40] Dkt. No. 9 at 2.
[41] *See generally* Dkt. No. 7.
[42] Dkt. No. 6-9 at 2.
[43] Dkt. No. 9 at 2, ¶ 5.
[44] *Id.*

The Court agrees with Defendants that neither mediation nor a hearing is necessary in this case. First, Plaintiff made this request *after* Defendants filed the motion for summary judgment and Plaintiff responded. Moreover, Plaintiff claims he is prepared to settle the case by paying a "fair amount," but Defendants provided Plaintiff with a pay-off quote on March 6, 2020 that Plaintiff did not pay.[45] There is nothing before the Court to suggest that mediation or discussion at a hearing would help progress this case further. Accordingly, the Court hereby **DENIES** Plaintiff's motion to compel.[46] The Court now turns to Defendants' motion for summary judgment.[47]

### IV. MOTION FOR SUMMARY JUDGMENT

As an initial matter, the Court notes that Defendants' motion is captioned as both a motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56 and a motion for judgment on the pleadings pursuant to Rule 12(c). These duplicative arguments are unnecessary, especially where, as here, the arguments contained in Defendants' motion are more appropriate for a Rule 12(b)(6) motion to dismiss for failure to state a claim. Nonetheless, the Court will first turn to Defendants' motion for summary judgment and will only consider the motion for judgment on the pleadings if necessary.

Before turning to the substance of the motion, the Court must also determine what claims Plaintiff brings against Defendants in the state court petition. Plaintiff's state court petition merely alleges that "this is a case of depredatory [*sic*] lending that Defendants are [trying] to [deprive] Plaintiff of his property after [paying] almost fourteen years on this loan."[48] Plaintiff also suggests that Defendants have failed to prove they are entitled to foreclose on Plaintiff's

---

[45] Dkt. No. 6-9.
[46] Dkt. No. 9.
[47] Dkt. No. 6.
[48] Dkt. No. 1-4 at 4.

property because they have not shown that Plaintiff's loan was transferred or assigned to them.[49] In order to remedy this, Plaintiff merely requests injunctive relief in the form of a temporary restraining order.[50] Plaintiff does not specify what, if any, claims he brings against Defendants. Defendants argue that Plaintiff's petition "contains no discernable causes of action other than a request for injunctive relief."[51]

The Court agrees. Because Plaintiff is proceeding *pro se,* the Court has construed his pleadings liberally.[52] However, even construing Plaintiff's state court petition and responsive pleadings liberally, the Court is unable to ascertain any claim other than one for injunctive relief.[53] To the extent Plaintiff brings a wrongful foreclosure action, Plaintiff does not allege that a foreclosure occurred. Thus, the Court construes Plaintiff's state court petition as bringing a single claim for injunctive relief. The Court now turns to the substance of Defendant's motion for summary judgment, as applied to Plaintiff's claim for injunctive relief.

   a. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[54] "A fact is 'material' if its resolution could affect the outcome of the action,"[55] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[56] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under

---

[49] *Id.*
[50] *Id.* at 5.
[51] Dkt. No. 6 at 2, ¶ 3.
[52] *See SEC v. AMX, Int'l, Inc.,* 7 F.3d 71, 75 (5th Cir.1993).
[53] *See* Dkt. No. 1-4 at 4. Plaintiff only requests a temporary restraining order and does not make a separate request for a temporary injunction, but the Court interprets the petition as requesting a temporary injunction in light of Plaintiff's general references to "injunctive relief." *Id.*
[54] FED. R. CIV. P. 56(a).
[55] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[56] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).

the governing law will properly preclude the entry of summary judgment."[57] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[58] As to the question of law, because federal jurisdiction is invoked on the basis of diversity of citizenship,[59] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[60] Absent a decision by Texas's highest tribunal, the decisions by Texas courts of appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[61] The movant bears the initial burden of showing the absence of a genuine issue of material fact.[62]

In conducting its analysis, the Court may consider evidence from the entire record, viewing that evidence in the light most favorable to the non-movant.[63] Rather than combing through the record on its own, however, the Court looks to the motion for summary judgment to present the evidence for consideration.[64] Parties may cite to any part of the record, or bring evidence in the motion and response.[65] The Court now turns to the evidence provided by the parties, turning first to that provided by Defendants in support of the motion for summary judgment.

---

[57] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[58] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).
[59] *See* Dkt. No. 1 p. 2.
[60] *See Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 396 (5th Cir. 2013); *Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[61] *Exxon Co. U.S.A, Div. of Exxon Corp.*, 889 F.2d at 675 (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)).
[62] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[63] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[64] *See* FED. R. CIV. P. 56(e).
[65] *See id.*

### b. *Summary Judgment Evidence*

Defendants move for summary judgment on the basis that Plaintiff "references a claim for injunctive relief but has stated no legally recognizable cause of action."[66] As is apparent from this quote and as the Court has noted elsewhere in this Order, much of Defendants' motion for summary judgment includes arguments appropriate for a motion to dismiss for failure to state a claim. While Defendants cite to Rule 56, which governs a motion for summary judgment, Defendants make no substantive argument as to whether there is a genuine issue of material fact in accordance with Rule 56. Nonetheless, because Defendants titled the instant motion as a motion for summary judgment and cited to Rule 56, the Court will consider the evidence provided by Defendant to determine whether there is a genuine issue of material fact regarding Plaintiff's entitlement to injunctive relief.

In support of the motion for summary judgment, Defendants allege that Plaintiff's loan has been in default since July 2019[67] and that Defendants offered Plaintiff a pay-off quote on March 6, 2020 that Plaintiff has yet to pay.[68] Defendants argue that they have proffered sufficient evidence to show that the Bank of New York Mellon is the holder of the loan and is entitled to foreclose pursuant to the terms of Plaintiff's deed of trust.[69] In support of these assertions, Defendant provides the following evidence: (1) the Declaration of Sherry Benight, Document Control Officer with SPS testifying to the assignment of Plaintiff's loan and Plaintiff's defaulting on the loan;[70] (2) Plaintiff's note and deed of trust;[71] (3) the transfer of lien documenting the assignment of the loan from MERS to the Bank of New York Mellon;[72] (4) Defendants' notice of

---

[66] Dkt. No. 6 at 7, ¶ 23.
[67] *Id.* at 8, ¶ 27.
[68] Dkt. No. 6-9 at 1.
[69] Dkt. No. 6 at 8, ¶ 26.
[70] Dkt. No. 6-1.
[71] Dkt. Nos. 6-2–6-3.
[72] Dkt. No. 6-4 at 2.

default;[73] (5) Defendants' notice of acceleration;[74] (6) the power of attorney authorizing SPS to act as a mortgage servicer for the Bank of New York Mellon;[75] (7) a copy of the pay-off quote sent to Plaintiff in March 2020;[76] and (8) an email from Plaintiff requesting an electronic copy of the pay-off quote.[77]

Plaintiff offers very little in opposition of the motion for summary judgment. In his petition, Plaintiff claims he made payments to "Accredited Home Lenders, Vericrest Financial and Caliber Home Loans for 14 years," and that the loan matures on May 1, 2021.[78] Plaintiff alleges that Defendants "are [trying] to take advantage of appreciated value of Plaintiff's property and posted foreclosure of Plaintiff's property."[79] Plaintiff further alleges that he "is ready to pay in full the note but Defendants have refused to provide proof of their authority in the chain of transfer of title of the Note and Deed of Trust. Defendant[s] also have [repeatedly] refused to accept Plaintiff's payments . . ."[80] Plaintiff offers no proof of these allegations.

Plaintiff's response to the motion for summary judgment is equally sparse. It is also difficult for the Court to discern Plaintiff's responsive arguments because two of six pages are missing.[81] Therein, Plaintiff argues that he has tried to settle this case repeatedly but has been unable to "reach a[n] acceptable resolution to the improper[] assessment of late fees that were paid."[82] Plaintiff appears to allege that the loan was not properly assigned to Defendants. Plaintiff provides documents from Vericrest Financial ranging from 2010 to 2013, which show

---

[73] Dkt. No. 6-5.
[74] Dkt. No. 6-6.
[75] Dkt. No. 6-7.
[76] Dkt. No. 6-9.
[77] Dkt. No. 6-10 at 2.
[78] *Id.* at 3.
[79] *Id.*
[80] *Id.* at 3–4.
[81] Pages 4 and 5 of Plaintiff's response are not included in the filing. *See* Dkt. No. 7.
[82] Dkt. No. 7 at 3. While Plaintiff's response to Defendants' motion was filed late, the Court still considers it in an attempt to ensure no genuine issue of material fact exists.

Plaintiff also defaulted on the loan in 2013.[83] While neither party clarifies, it appears Vericrest Financial was the mortgage servicer for the Bank of New York Mellon prior to SPS. Plaintiff also argues that the motion for summary judgment should be dismissed for "lack of standing" and contends that a genuine issue of material fact exists making summary judgment improper.[84] Plaintiff does not specify what factual issue remains in dispute.

    c. *Legal Analysis*

The Court finds summary judgment on Plaintiff's request for injunctive relief warranted. The Court interprets Plaintiff's petition as requesting a temporary injunction beyond the temporary restraining order granted in state court. "To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim."[85] Under Texas law, a request for injunctive relief is not itself a cause of action, but instead depends on an underlying cause of action.[86] Thus, a request for injunctive relief requires that plaintiff first plead viable underlying cause of action.[87]

Here, Plaintiff has not asserted any viable, underlying cause of action against Defendants and merely requests injunctive relief. Moreover, even if the Court were capable of ascertaining a viable cause of action, Defendants have proffered undisputed evidence that Plaintiff did default on the loan at issue and that Defendants have authority to foreclose pursuant to the terms of Plaintiff's deed of trust. Accordingly, Plaintiff cannot establish a right to relief entitling Plaintiff to a temporary injunction. Consequently, Defendants have met their burden of showing the absence of a genuine issue of material fact. The Court finds there is no genuine issue of material

---

[83] Dkt. No. 7-1.
[84] Dkt. No. 7 at 4.
[85] *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).
[86] *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010).
[87] *Id.* (citing (*Butnaru*, 84 S.W.3d at 204)).

fact as to whether Plaintiff is entitled to a temporary injunction. Thus, the Court **GRANTS** Defendants' motion for summary judgment.[88] Since summary judgment has been granted, the Court need not address the motion for judgment on the pleadings.

### V.     HOLDING

For the reasons stated herein, the Court hereby **DENIES** Plaintiff's motion to compel[89] and **GRANTS** Defendants' motion for summary judgment.[90] The Court hereby **DISMISSES WITH PREJUDICE** Plaintiff's claims and Plaintiff's action. Pursuant to Rule 56, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 18th day of August, 2020.

                                                Micaela Alvarez
                                                United States District Judge

---

[88] Dkt. No. 6.
[89] Dkt. No. 9.
[90] *Id.*